David R. Sugden, Bar No. 218465
dsugden@calljensen.com
Jacqueline Beaumont, Bar No. 253776
jbeaumont@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Plaintiff Power Balance, LLC

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC 1 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

POWER BALANCE, LLC,

    Plaintiff,

vs.

POWERBAND, LLC, WASATCH KIOSKS, POWER X BANDS, ULTIMATE SHADES, SIMON DOGAN aka MURAT DOGANGUZEL, LA BEAUTY MARK, INC., and DOES 1 through 75, inclusive,

    Defendants.

Case No. SACV10-1607 AG(AGRx)

**STIPULATED INJUNCTION**

Complaint Filed: October 20, 2010
Trial Date: None Set

    Plaintiff Power Balance, LLC, and Defendants Simon Dogan aka Murat Doganguzel, Power X Bands, and Ultimate Shades, hereby stipulate and agree to submit to the Court this Stipulated Injunction.

    WHEREAS the parties agree that Plaintiff has exclusive rights to trademarks and trade dress in its hologram wristbands;

POW04-03:715896_1:11-1-10

- 1 -
STIPULATED INJUNCTION

NOW THEREFORE, Defendants Simon Dogan aka Murat Doganguzel, Power X Bands, Ultimate Shades, if they have actual notice of this injunction, and all their ~~representatives,~~ servants and agents, employees, officers, ~~directors, partners,~~ attorneys, ~~subsidiaries,~~ and all persons ~~under their control of~~ acting in active concert or participation with them, are hereby permanently enjoined from:

(1) Advertising, selling, offering for sale, marketing, distributing, exposing, shipping, mailing, listing, taking orders for, promoting, buying, ordering, exhibiting, destroying, or in any manner disposing of products or aiding in any way the advertising, selling, offering for sale, marketing, distributing, exposing, shipping, mailing, listing, taking orders for, promoting, buying, ordering, exhibiting, destroying, or in any manner disposing of products that bear marks or trade dress that are confusingly similar to trademarks and trade dress belonging to Plaintiff, including, specifically, any thin, 100% silicone wristband which widens in two places opposite each other to accommodate a hologram; or any 100% silicone wristband which widens in two places opposite each other and purports to affect athletic performance.

(2) Producing, manufacturing, assembling, reproducing or assembling or aiding in any way the producing, manufacturing, assembling, reproducing or assembling of any goods which bear any confusingly similar variations of Power Balance's "Oval Mark" (a distinctive logo in the shape of a circular hologram encompassed by an ovalized diamond shape, which is enclosed on either side by raised brackets), which bear a copy of Power Balance's "Word Mark" (a logo in the form of a distinctive, stylized, capitalized, and raised silicone two-word phrase ("Power Balance")); or Power Balance's trade dress consisting of (a) a distinctive shape wherein the wristband widens to encompass two of the Oval Marks on opposite sides of the band, (b) the Oval Marks, and (c) the Word Mark featured on the side of the wristband between the two Oval Marks, or any confusingly similar or colorable variations, copies, or versions thereof;

(3) Buying, selling or in any way dealing with or using goods which bear a copy of Power Balance's "Oval Mark" (a distinctive logo in the shape of a circular hologram

1 encompassed by an ovalized diamond shape, which is enclosed on either side by raised
2 brackets), which bear a copy of Power Balance's "Word Mark" (a logo in the form of a
3 distinctive, stylized, capitalized, and raised silicone two-word phrase ("Power
4 Balance")); or Power Balance's trade dress consisting of (a) a distinctive shape wherein
5 the wristband widens to encompass two of the Oval Marks on opposite sides of the
6 band, (b) the Oval Marks, and (c) the Word Mark featured on the side of the wristband
7 between the two Oval Marks, or any confusingly similar or colorable variations, copies,
8 or versions thereof;

9     (4) Otherwise infringing Power Balance's rights at common law;

10     (5) Competing unfairly with Plaintiff by passing off "Power Band" goods as
11 genuine goods of Power Balance, representing wristbands verbally or in writing in any
12 way to be goods of Power Balance, or displaying photographs of Power Balance goods
13 in conjunction with the marketing or offering for sale of non Power Balance wristbands.

SO AGREED AND STIPULATED:

Respectfully submitted,

Power Balance, LLC

Dated: 11.3.10

By: _____
Name: Nina Freeland-Ringel
Title: VP & General Counsel

Call & Jensen

Dated: 11/4/10

By: _____
David R. Sugden
610 Newport Center Drive, Ste. 700
Newport Beach, CA 92660

CALL & JENSEN
A PROFESSIONAL CORPORATION

POW04-03:715896_1:11-1-10

-3-
STIPULATED INJUNCTION

Tel: (949) 717-3000
Fax: (949) 717-3100

Simon Dogan aka Murat Doganguzel

Dated: 11/1/2010     By: _____
Simon Dogan aka Murat Doganguzel

Ultimate Shades

Dated: 11/1/2010     By: _____
Name: Simon Dogan
Title: Partner

Power X Bands

Dated: 11/1/2010     By: _____
Name: Simon Dogan
Title: Partner

SO ORDERED:

Dated: NOV 29, 2010     By: _____
Honorable Andrew Guilford
United States District Judge